UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 7 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CAROLYN G. WILDERSON,     )
                                  )
          Plaintiff,      )
                                  )
          v.           )     Civ. Action No. 04-0708 (RJL)
                                  )
JOHN SNOW, Secretary,     )
Department of the Treasury     )
                                  )
          Defendant.     )

## MEMORANDUM OPINION
(March 7, 2006) [#9, 10]

The plaintiff, Carolyn Wilderson, alleges that while working for the Department of

the Treasury she was discriminated against on the basis of her disability in violation of the

Americans with Disabilities Act, 42 U.S.C § 12111, and the Rehabilitation Act of 1973, 29

U.S.C. § 701 *et seq.* This matter is now before the Court on defendant's Motion to Dismiss

or, in the Alternative, for Summary Judgment. Upon consideration of defendant's Motion,

plaintiff's Opposition, the Reply thereto, and the entire record herein, the defendant's Motion

is **GRANTED**.

## BACKGROUND FACTS

On March 1, 1999, the plaintiff, an African-American female over forty years of age

(Compl. ¶¶ 7-8, 10), fell at work, injuring her lower spine (*id.* ¶ 17). At the time of her

injury, plaintiff was employed by the Department of Treasury, in the Bureau of Engraving

and Printing ("BEP"). (*Id.* ¶ 6.) As a result of her injury, plaintiff underwent spinal surgery,



which resulted in sciatic nerve damage and spasms in her leg and back. (*Id.* ¶ 18.)

On September 22, 2000, plaintiff made physician-supported requests for tele-work from home as well as for disabled parking to accommodate her injuries for those occasions when it would be necessary for her to go to the BEP. (*Id.* ¶¶ 19-20.) The requests for tele-work were denied. (*Id.* ¶ 20.) Plaintiff was then transferred to a different position while her prior managerial position was filled by someone under the age of forty. (*Id.* ¶ 21.) Plaintiff first learned of the proposal to "transfer"/reassign her on September 30, 2000. (Mem. of P. & A. in Supp. of Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings or in the Alt. for Summ. J. ("Pl.'s Opp'n") at 5, ¶ 6.) Plaintiff claims that she was involuntarily removed from her position based on, *inter alia*, her physical condition. (Compl. ¶ 22.)

On April 29, 2004, plaintiff filed a complaint with this Court alleging three separate causes of action: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12111 (Compl. ¶¶ 39-40); (2) disability discrimination in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.* (*id.* ¶¶ 41-42); and (3) "extreme emotional distress" as a result of the alleged violations (*id.* ¶¶ 43-45).[1]

---

[1]    Though plaintiffs' Complaint sets out only three causes of action stemming from alleged violations of the ADA and the Rehabilitation Act (*see* Compl. ¶¶ 39-45), both plaintiff and defendant have operated under the assumption that the Complaint also includes claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* (*see, e.g.,* Compl. ¶ 1; Mem. of P. & A. in Supp. of Def.'s Mot. for J. on the Pleadings or, in the Alt., for Summ. J. ("Def.'s Summ. J. Mot.") at 1; Pl.'s Opp'n at 1; Reply to Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings or, in the Alt., for Summ. J. ("Def.'s Reply") at 1). While the "Facts" section of the Complaint does contain allegations that touch on the race and age of the plaintiff, the plaintiff does not plead violations of Title VII and ADEA as distinct causes of action. As such, the Court will only briefly address plaintiff's references to Title VII and ADEA. *See infra* note 5. It should be noted

For the following reasons, the Court dismisses all three.

## ANALYSIS

### I. *Standard of Review*

Defendant moves to dismiss this action or, in the alternative, for summary judgment. "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(c). As defendant has attached material outside the pleadings to her Motion – which the Court must rely upon in evaluating whether the plaintiff complied with her minimum statutory obligation to timely contact an Equal Employment Opportunity ("EEO") counselor – the Court will decide the Motion in accordance with Rule 56, rather than as a motion to dismiss.

Pursuant to Rule 56, summary judgment shall be granted when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes over non-material facts may be resolved in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where facts material to the outcome of the case are at issue, however, the motion may not be disposed of by summary judgment. *Id.* at 248. If the facts in dispute are "merely

---

that plaintiff has been represented by counsel throughout these proceedings; thus, plaintiff is not entitled to benefit from the relaxed pleading standards afforded to pro se litigants. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (noting that pro se litigants "are allowed more latitude than litigants represented by counsel to correct defects in . . . pleadings").

colorable, or . . . not significantly probative, summary judgment may be granted." *Id.* at 249-50. A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).

II.   *Plaintiff's First Cause of Action: ADA*

Plaintiff's First Cause of Action alleges that defendant, the Department of the Treasury, "deprive[d] Plaintiff of rights secured to her by the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*" (Compl. ¶ 40.) Unfortunately for the plaintiff, however, the ADA does not create a cause of action for a federal employee who seeks to bring suit against his/her federal employer based on employment discrimination. *See Jordan v. Evans*, 404 F. Supp. 2d 28, 30 (D.D.C. 2005) (citing *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998)); *Woodruff v. Mineta*, 215 F. Supp. 2d 135, 138-39 (D.D.C. 2002). The text of the ADA makes this clear: For purposes of obtaining relief under the statute, "the term 'employer' does *not* include the United States." 42 U.S.C. § 12111(5)(B)(i) (emphasis added). Thus, because plaintiff bases her ADA claim on events alleged to have occurred while she was an employee of the federal government, her First Cause of Action must be and is hereby dismissed.

III.   *Plaintiff's Second Cause of Action: Rehabilitation Act of 1973*

Plaintiff's Second Cause of Action is brought pursuant to the Rehabilitation Act of

1973. (*See* Compl. ¶ 42.)  While the ADA does not create a cause of action for federal

employees who claim that they have been discriminated against on the basis of a disability,

such employees are not without recourse. "Indeed, the Rehabilitation Act provides a remedy,

in fact the exclusive remedy, for a federal employee's disability discrimination claim if the

employee first exhausts her administrative remedies." *Jordan*, 404 F. Supp. 2d at 30.

Because the plaintiff did not exhaust her administrative remedies, however, her Second

Cause of Action must also be dismissed.

A.    <em>Failure to Exhaust Administrative Remedies</em>

Through Title VII of the Civil Rights Act of 1964, Congress authorized the Equal

Employment Opportunity Commission ("EEOC") to issue rules and regulations necessary to

the fulfillment of its responsibilities. *See* 42 U.S.C. § 2000e-16(b).  Pursuant to this authority,

"the EEOC has established detailed procedures for the administrative resolution of

discrimination complaints, including a series of time limits for seeking informal adjudication

of complaints, filing formal charges, and appealing agency decisions to the Commission."

*Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  In addition to claims brought

under Title VII, the administrative procedures established by the EEOC apply to claims

brought under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1).  Among these procedures

is the requirement that "[a]ggrieved persons who believe they have been discriminated against

on the basis of . . . handicap must consult a[n EEO] Counselor prior to filing a complaint in

order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a).  Furthermore, the

5

complainant "*must* initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1) (emphasis added).

The 45-day time limit is not jurisdictional, but is rather "'like a statute of limitations . . . subject to waiver, estoppel, and equitable tolling.'" *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C. Cir. 1982) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). "[A] plaintiff 'bears the burden of pleading and proving in the district court "equitable reasons" for non-compliance with the [45] day requirement.'" *Williamson v. Shalala*, 992 F. Supp. 454, 458 (D.D.C. 1998) (quoting *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992)) (alteration in *Williamson*). Plaintiff has put forth no argument as to why 29 C.F.R. § 1614.105(a)(1)'s 45-day contact requirement should be equitably tolled. As such, this Court will strictly apply the time limitation to the facts of this case.

According to plaintiff's own Complaint, September 22, 2000 is the date that plaintiff first submitted a written request for work-at-home privileges (Compl. ¶ 20), and on September 30, 2000, plaintiff "learned of the proposal to 'transfer'/reassign her" (Pl.'s Opp'n at 5, ¶ 6).[2] It is also undisputed that plaintiff did not first contact an EEO counselor concerning this issue until January 9, 2001. (*See* Def.'s Summ. J. Mot. at 17[3]; Def.'s Stat. of Mat. Facts ¶ 11; Pl.'s Opp'n at 6, ¶ 11; Def.'s Reply at 9.) Using September 30 as the operative start date for

---

[2]     It should be noted that plaintiff's disability discrimination allegations are based on the decision to remove her from her management position. (Compl. ¶ 22.) She does not allege that the denial of her requests for reasonable accommodation were based on her disability (*see* Compl. ¶ 23), thus the circumstances surrounding those requests are not relevant to plaintiff's Rehabilitation Act claim.

[3]     All citations to the parties' briefs incorporate the exhibits attached thereto.

calculation of the 45-day time limitation, it is clear that plaintiff did not make contact with an EEO counselor within the requisite 45 days.[4]

### B.    *Continuing Violation*

Plaintiff attempts to salvage her untimely claims by resorting to the "continuing violation" theory. Specifically, plaintiff alleges that "for each day that Plaintiff [was] denied an accommodation[,] it is a new [sic] a continuation of her original claim." (Pl.'s Opp'n at 18.) This argument, however, is also unavailing.

"[Our] Circuit has clearly held that a plaintiff may not rely on the continuing violation theory where she was aware of the discriminatory conduct at the time it occurred." *Schrader v. Tomlinson*, 311 F. Supp. 2d 21, 27 (D.D.C. 2004) (citing *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 765 (D.C. Cir. 1997) ("For statute of limitations purposes, a continuing violation is 'one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period[.]'" (citation omitted))); *see also Wiggins v. Powell*, No. Civ.A.02-1774(CKK), 2005 WL 555417, at *16 (D.D.C. Mar. 7, 2005) ("Clearly, the continuing violation theory is not available to Plaintiff . . . when he had reason to know of – and had actual knowledge of – the alleged gender and age-based discrimination against him . . . and did not initiate contact with the EEO counselor [until after the 45-day time

---

[4]    Plaintiff's claims are not saved by the fact that an EEO counselor was eventually contacted outside the 45-day period. *See, e.g.*, *Torres v. Mineta*, No. Civ.A. 04-0015, 2005 WL 1139303, at *5 (D.D.C. May 13, 2005); *Henrickson v. Potter*, 327 F.3d 444, 448 (5th Cir. 2003).

limitation had expired].").

Because it is undisputed that plaintiff first became aware of the alleged discriminatory conduct on September 30, 2000, she cannot bypass 29 C.F.R. § 1614.105(a)(1)'s 45-day contact requirement by way of the "continuing violation" theory. *See Torres*, 2005 WL 1139303, at *5 ("Plaintiffs' continuing violation claim fails because Torres did not initiate EEO counseling when he first learned of the FAA's policy. . . . [h]e therefore was required to initiate EEO counseling within 45 days of that time . . . ." (citing *Schrader*, 31 F. Supp. 2d at 27)). Indeed, because it was clear to her that the alleged discrimination had manifested itself as of September 30, 2000, it would be unfair to permit the plaintiff to artificially extend this statutory deadline. *See Henrickson*, 327 F.3d at 448 ("The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect [her] rights." (quoting *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998)) (internal quotation marks omitted)). No material issue of fact exists as to whether plaintiff complied with the legal requirement of contacting an EEO counselor within 45 days of the alleged discriminatory conduct – she didn't. And because she didn't, the defendant is entitled to judgment as a matter of law. Thus, Plaintiff's Second Cause of Action must also be dismissed.[5]

---

[5]     By its own terms, the requirements of 29 C.F.R. § 1614.105 apply to cases involving claims of discrimination based on "race, color, religion, sex, national origin, age or handicap." 29 C.F.R. § 1614.105(a). Thus, in addition disability discrimination claims arising under the Rehabilitation Act, the 45-day requirement applies to age discrimination claims brought pursuant to the ADEA and all discrimination claims brought under Title VII. *See Torres*, 2005 WL 1139303, at *3 ("A federal employee alleging discrimination under Title VII or the ADEA must consult an agency EEO counselor within 45 days of the alleged discriminatory act, or, in the case of a personnel action, within 45 days of the effective date of the action." (citing 29 C.F.R. § 1614.105)); *Aceto v. England*, 328 F. Supp. 2d 1, 5-7 (D.D.C. 2004) (applying 45-day time requirement to Title VII and

IV.    *Plaintiff's Third Cause of Action: Emotional Distress*

Plaintiff's Third Cause of Action alleges, *inter alia*, that the defendant "intentionally, outrageously, and without justifiable reasons subjected Plaintiff to extreme emotional distress by violating Plaintiff's rights under the statutes cited herein." (Compl. ¶ 44.)  Having dismissed on procedural grounds the claims upon which plaintiff's emotional distress allegations are based, plaintiff's third cause of action is moot.  As such, plaintiff's Third Cause of Action must also be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.  An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

Rehabilitation Act claims and dismissing claims for failure to meet requirement); *Williamson*, 992 F. Supp. at 457-58 (same).  Accordingly, even had plaintiff properly pled separate causes of action for race and age discrimination under Title VII and the ADEA, those claims would be subject to the 45-day time requirement and, as such, would be dismissed for failure to exhaust the administrative remedies set forth in 29 C.F.R. § 1614.105(a)(1).